# UNITED STATES DISTRICT COURT
## for the
## Middle District of Tennessee
## Nashville Division

2024 JUN 12 PM 2: 12
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| Edward Ronny Arnold<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br><br>Allstate Insurance Company<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. **3-24-720**<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Edward Ronny Arnold |
   | Street Address | 5036 Suter Drive |
   | City and County | Nashville |
   | State and Zip Code | Tennessee 37211 |
   | Telephone Number | (615) 999-8044 |
   | E-mail Address | edwardarnold@mindspring.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Allstate Insurance Company |
| Job or Title *(if known)* | |
| Street Address | 2775 Sanders Road |
| City and County | Northbrook, Cook |
| State and Zip Code | Illinois, 60062 |
| Telephone Number | (847) 402-5000 |
| E-mail Address *(if known)* | info@allstate.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |


Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Article 1, Section 8, Clause 3 of the United States Constitution, which gives Congress the power "to regulate commerce with forign nations, among states, and with Indian tribes".

Jurisdiction in this Court over the plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 is provided by 28 U.S.C. §§ 1331 and 1343(3). The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §1983, and Rule 57 of the Federal Rules of Civil Procedure.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
   and has its principal place of business in the State of *(name)*
   _____.


Case 3:24-cv-00720   Document 1   Filed 06/12/24   Page 3 of 9 PageID #: 3

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

   b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____ . Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____ .

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Case 3:24-cv-00720   Document 1   Filed 06/12/24   Page 4 of 9 PageID #: 4

Page 4 of 9

Statement of claim, Allstate Insurance Company

On the date of May 17, 2024, the Tennessee Supreme Court denied a writ in civil action Edward Ronny Arnold v Allstate Insurance Company 2023-00536-SC-R11-CV. The denial leaves in place the Sua sponte opinion of the Appellate Civil Court of Tennessee at Nashville Tenn. Code Ann. § 28-3-104 - one-year statute of limitation for personal injury and Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage are inclusive not exclusive which presents issues of the violation of Article 1, Section 8, Clause 3 of the U.S. Constitution, which gives Congress the power "to regulate commerce with foreign nations, among states, and with the Indian tribes."

The Sua sponte opinion of prior suit pending does not address the issues of interstate commerce related to Tenn. Code. Ann. § 56-6-118. Reciprocity of motor vehicle insurance providers to which statutes of limitation for personal injury, death, property damage varies. Specifically affecting all insurers or persons subject to Tennessee Code title 56, chapter 8, part 1, that are authorized to sell, transact, or are otherwise engaged in the business of insurance in this state of the necessity of filing one civil action for personal injury, pain and suffering, death, property damage if a motor vehicle accident occurs in the state of Tennessee.

In this Sua sponte opinion, the Tennessee Interstate Compact for motor vehicle insurance policies are adversely affected in acceptance and reciprocity of multiple states which include the states of: Alabama, California, Florida, Georgia, and Nevada which maintain civil actions in motor vehicle accidents are separated by personal injury, pain and suffering, death, and property damage to which motor vehicle coverages are separated by limits of liability and statutes of limitation.

1. On the date of July 25, 2014 the plaintiff complied with Tenn. Code Ann. § 55-12-102(12) to insure vehicle 2: 2014 Honda Odyssey Vin 5FNRL5H47EB126335: License: S7426V for Davidson County, Tennessee.

2. Tenn. Code Ann. § 55-12-201 requires the policy holder to maintain motor vehicle liability insurance in the state of Tennessee.

3. The defendant, Allstate Insurance Company, has not denied Allstate Insurance Company policy number: 030671568 to insure vehicle 2: 2014 Honda Odyssey Vin 5FNRL5H47EB126335: License: S7426V for Davidson County, Tennessee was active and in place at the time of a three-vehicle accident which occurred on the date of October 23, 2019 at the intersection of Bass Street and Eighth Avenue South in Davidson County, Tennessee.

4. At issue before the court was Cause of Action related to the filing of civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2199 and civil action Edward Ronny Arnold v Allstate Insurance Company 22-C2097.

5. As a direct result of the defendants, Allstate Insurance Company, refusal to process Allstate Insurance Company Policy Number: 030671568 claim number: 0565632023, the policy claimant was mandated by Tenn. Code Ann. § 28-3-104 to file civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2199 on the date of October 5, 2020.

6. As a direct result of the defendants, Allstate Insurance Company, refusal to process Allstate Insurance Company Policy Number: 030671568 claim number: 0565632023, the policy claimant was mandated by Tenn. Code Ann. § 28-3-105 (a) (2) to file civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2097 on the date of October 17, 2022.

7. The Cause of Action for the filing of civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2199 and the filing of civil action Edward Ronny Arnold v Allstate Insurance Company 22-C2097 is the defendant's refusal to process Allstate Insurance Company Policy Number: 030671568 claim number: 0565632023 issued October 23, 2019.

8. The defendant, Allstate Insurance Company, by and though its agents, claim the policy claimant's refusal to accept three settlement offers violated their 'Take It or Leave It' policy which violated Allstate Insurance Company Policy Number: 030671568.

9. The Eighth Circuit Court of Davidson County, Tennessee Twentieth Judicial District dismissed civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2097 on the date of April 10, 2022 based on the defendant's, Allstate Insurance Company, claim of res judicata.

10. The Appellate Civil Court of Tennessee at Nashville dismissed the defendant's defense of res judicata or claim preclusion in civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2097 and replaced it with prior suit pending.

11. The Appellate Civil Court of Tennessee at Nashville, in their Sua sponte opinion, misapplied the prior suit pending doctrine as the issue before the trial court was the statute of limitations for Tenn. Code Ann. § 28-3-104 - one-year statute of limitation for personal injury and the statute of limitations for Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage.

12. The Appellate Civil Court of Tennessee at Nashville, in their Sua sponte opinion, adversely affected civil action Edward Ronny Arnold v Allstate Insurance Company 20-C2199, filed on the date of October 5, 2020, removing any and all rights for the policyholder / policy claimant to recover property damages from Allstate Insurance Company Policy Number: 030671568 claim number: 0565632023 issued on the date of October 23, 2019.

13. The Appellate Civil Court of Tennessee at Nashville, in their Sua sponte opinion, adversely affected civil action Edward Ronny Arnold v Allstate Insurance Company 22-C2097, filed on the date of October 17, 2022, removing any and all rights for the policyholder / policy claimant to recover property damages from Allstate Insurance Company Policy Number: 030671568 claim number: 0565632023 issued on the date of October 23, 2019.

14. The Appellate Civil Court of Tennessee at Nashville, in their Sua sponte opinion, remanded civil action Edward Ronny Arnold v Allstate Insurance Company M2023-00356-COA-R3-CV to the trial court to change the order of dismissal from res judicata to prior suit pending.

15. The Sua sponte opinion of the Appellate Civil Court of Tennessee at Nashville Tenn. Code Ann. § 28-3-104 - one-year statute of limitation for personal injury and Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage are inclusive not exclusive places limitations on the ability of policy claimants to recover property damage.

16. The Sua sponte opinion of the Appellate Civil Court of Tennessee at Nashville Tenn. Code Ann. § 28-3-104 - one-year statute of limitation for personal injury and Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage are inclusive not exclusive alters the position of the state of Tennessee from a full tort state to a limited tort state.

15. The defendant, Allstate Insurance Company, by and through its agents and legal representative, violated TCA § 29-39-104 (B) in that the defendant denied the policy holder access to their own records regarding the investigation, documentation, conclusion of Allstate Insurance Company claim number: 0565632032 issued October 23, 2019.

16. The defendant, Allstate Insurance Company, by and through its legal agent, filed a motion for a protective order to prevent the September 15, 2023 deposition by subpoena of the policyholder's Allstate Insurance Company agent.

17. As of the date of June 11, 2024, the defendant, Allstate Insurance Company, by and through its agents and legal representative, has not compensated the policy holder / policy claimant for Allstate Insurance Company

Policy Number: 030671568 claim number: 0565632023 issued October 23, 2019.

IV.     **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The jury is to determine if the Sue sponte opinion of the Appellate Civil Court of Tennessee at Nashville violated Article 1, Section 8, Clause 3 of the United States Constitution, which gives Congress the power "to regulate commerce with foreign nations, among states, and with Indian tribes".

The jury is to determine if the Sue sponte opinion of the Appellate Civil Court of Tennessee at Nashville is in violation of the doctrine of Prior Suit Pending in that Tenn. Code Ann. § 28-3-104 - one-year statute of limitation for personal injury and Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage are inclusive not exclusive to which the concept of one civil action for personal injury, pain and suffering, death, property damage is a violation of Tenn. Code. Ann. § 56-7-102, reciprocity of motor vehicle insurance providers to which statutes of limitation for personal injury, pain and suffering, death, property damage varies with states.

The jury is to determine if the Sue sponte opinion of the Appellate Civil Court of Tennessee at Nashville resulted in the policyholder / policy claimant lost all rights to recover property damage from Allstate Insurance Company Policy Number: 030671568 claim number: 0565632023 issued October 23, 2019 by complying with Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage.

The jury will determine if the Sua sponte opinion of the Appellate Civil Court of Tennessee at Nashville adversely affected the reciprocity of states requiring a minimum dollar value of motorized vehicle insurance and statutory mandates for recovery of personal injury, pain and suffering, death, and property damage in motor vehicle accidents.

The plaintiff has incurred usage fees and storage fees due to the defendant's refusal to compensate the policy holder in honoring Allstate Insurance Company policy number: 030671568 enacted on the date of July 25, 2014 to insure vehicle 2: 2014 Honda Odyssey Vin 5FNRL5H47EB126335: License: S7426V for Davidson County, Tennessee.

The jury is requested to award billable medical costs for injuries the policy claimant received as a direct result of the three-vehicle accident and standard estimates of pain and suffering. The plaintiff requests a jury to determine the market value of vehicle 2: 2014 Honda Odyssey Vin 5FNRL5H47EB126335: License: S7426V for Davidson County, Tennessee.

These actual costs have been presented to the defendant, Allstate Insurance Company, through motions and response to motions.
The billable medical expenses were $7,627.41.
The estimated pain and suffering are $38,137.06  5x ME.
The market value of vehicle 2: 2014 Honda Odyssey was $19,700 replacement.
The trade-in value of vehicle 2: 2014 Honda Odyssey was $18,400.
The estimated usage fees were $6,540.00.
The actual costs of storage have exceeded the dollar value of $6,000 and continues at a monthly rate.
The actual costs are estimated at $70,704.47 to which the jury is requested to award punitive damages.

The jury is requested to overturn the Sua sponte opinion of the Appellate Civil Court of Tennessee at Nashville Tenn. Code Ann. § 28-3-104 - one-year statute of limitation for personal injury and Tenn. Code Ann. § 28-3-105 (a) (2) - three-year statute of limitation for property damage are inclusive removing limitations on the ability of policy claimants to recover property damage in a motor vehicle accident in the state of Tennessee which involves personal injury, pain and suffering, death, and property damage.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/12/24

Signature of Plaintiff: *Edward Rony Arnold*
Printed Name of Plaintiff: Eduard Rohny Arnold

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address