UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD,<br><br>　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　Defendant. | Case No. 3:24-cv-00720<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

This case is one of several that pro se Plaintiff Edward Ronny Arnold has filed in this district arising out of a three-vehicle crash that took place in Davidson County, Tennessee, on October 23, 2019. (Doc. No. 1); *see also* Complaint, *Arnold v. Allstate Ins. Co.*, No. 3:23-cv-01244 (M.D. Tenn. Nov. 27, 2023), ECF No. 1; Complaint, *Arnold v. Malchow*, No. 3:23-cv-01374 (M.D. Tenn. Dec. 27, 2023), ECF No. 1; Complaint, *Arnold v. Malchow*, No. 3:24-cv-00943 (M.D. Tenn. Aug. 2, 2024), ECF No. 1. In this iteration of the dispute, Arnold brings claims against Defendant Allstate Insurance Company (Allstate) under 42 U.S.C. § 1983 related to the Tennessee Court of Appeals' January 9, 2024 opinion in *Arnold v. Allstate Insurance Company*, No. M2023-00536-COA-R3-CV, affirming the Davidson County Circuit Court's dismissal of claims Arnold brought against Allstate under Tennessee law. (Doc. No. 1.)

Allstate has filed a motion for summary judgment (Doc. No. 6) arguing that the Court lacks subject-matter jurisdiction over Arnold's claims under the *Rooker-Feldman* doctrine and, in the alternative, that dismissal is warranted under the prior-suit-pending doctrine and the doctrine of res judicata (Doc. No. 6-1). Arnold has responded in opposition to Allstate's motion. (Doc.

No. 11.) Allstate did not file an optional reply brief. For the reasons that follow, the Magistrate Judge will recommend that the Court grant Allstate's motion and dismiss this action.

**I.      Relevant Background**

As in his other cases, Arnold's claims here "relate to a three-vehicle accident that took place in October 2019, during which the plaintiff, then insured by Allstate, sustained personal injuries and property damages." *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244, 2024 WL 3381267, at *1 (M.D. Tenn. July 10, 2024) (Trauger, J.). Arnold "attempted to obtain coverage for his injuries from Allstate" and sued Allstate in state court. *Id.* Arnold's first "state court lawsuit against Allstate was dismissed; that dismissal was affirmed by the Tennessee Court of Appeals; and the Tennessee Supreme Court denied Arnold's application for permission to appeal." *Id.* While the first state court "lawsuit was still pending on appeal, [Arnold] filed a nearly identical lawsuit" also in state court. *Arnold v. Allstate Ins. Co.*, No. M2023-00536-COA-R3-CV, 2024 WL 95577, at *1 (Tenn. Ct. App. Jan. 9, 2024). "The trial court dismissed this second suit based on res judicata." *Id.* Arnold appealed and, in its January 9, 2024 opinion, the Tennessee Court of Appeals affirmed dismissal on alternate grounds, holding that "lack of finality" "made res judicata inapplicable in this case" but dismissal was nevertheless warranted under "the prior suit pending doctrine . . . ." *Id.* at *7. The Tennessee Supreme Court denied Arnold's request for a writ of certiorari on May 17, 2024. *See Arnold v. Allstate Ins. Co.*, 2024 WL 95577; (Doc. No. 1).

Arnold initiated this action on June 12, 2024, by filing a complaint under 42 U.S.C. § 1983 against Allstate asserting claims under the Commerce Clause of the United States Constitution. (Doc. No. 1.) Arnold alleges that "the [s]ua sponte opinion of the Appellate Civil Court of Tennessee" invoking the "prior suit pending" doctrine "does not address the issues of interstate commerce related to" Tennessee insurance laws. (*Id.* at PageID# 5.) Arnold asks that a jury convened in this Court "overturn the [s]ua sponte opinion of the" Tennessee Court of Appeals for

violating the Commerce Clause and misapplying the prior suit pending doctrine, among other asserted errors. (*Id.* at PageID# 8.) Arnold also alleges that he "has incurred usage fees and storage fees due to [Allstate's] refusal to compensate" him and asks that a jury award him damages for these fees and also for medical expenses, pain and suffering, the value of his lost vehicle, and punitive damages. (*Id.*)

The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

## II. Legal Standard

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## III. Analysis

Allstate's primary argument in support of summary judgment is that the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction over Arnold's claims. (Doc. No. 6-1.) This Court recently addressed the *Rooker-Feldman* doctrine in another of Arnold's cases, finding that it did not bar Arnold's § 1983 claims against Allstate. *See Arnold v. Allstate Ins. Co.*, 2024

WL 3381267, at *2–3. The Court first addressed *Rooker-Feldman*'s limited application, citing the Sixth Circuit's explanation that:

> Federal courts' jurisdiction "is confined within such limits as Congress sees fit to prescribe. One such limit is hidden in 28 U.S.C. § 1257's positive statement that "[f]inal judgments or decrees rendered by the highest court of a State may be reviewed by the Supreme Court." If the Supreme Court can review "final judgments" from state courts of last resort, then lower federal courts can't. That negative inference is called the *Rooker-Feldma*n doctrine.

*RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 385 (6th Cir. 2021) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); other citations and internal quotation marks omitted) (alterations in original). In other words, district courts lack jurisdiction to exercise appellate jurisdiction over state court judgments. *Id.* The Sixth Circuit has also recognized that it is not often easy to tell when a litigant is attempting to appeal a state court judgment and has cautioned that district courts should not apply *Rooker-Feldman* as a "panacea" to any case in which "state court decisions and federal court decisions potentially or actually overlap." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006); *see also VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 405 (6th Cir. 2020) (Sutton, J., concurring) (noting that the doctrine became famous for "caus[ing] . . . mischief, creating needless complications, distracting litigants and courts . . ., and helping no one"); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment . . . . Determining what constitutes a forbidden de facto appeal, however, has sometimes proven difficult for the lower courts.").

What is clear is that *Rooker-Feldman* "has a limited scope" and does not, for example, bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). It applies only to the "narrow" set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. To determine whether it applies, the court must consider whether the "source of the plaintiff's injury is the state-court judgment itself." *VanderKodde*, 951 F.3d at 402. If so, it does, but, "[i]f there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* (quoting *Lawrence v. Welch*, 531 F.3d 364, 368–69 (6th Cir. 2008)). Thus, "[a] court cannot determine the source of the injury without reference to [the plaintiff's] request for relief." *Id.* (citation omitted). Moreover, "*Rooker-Feldman* applies only when a state court renders a judgment—when the court investigates, declares, and enforces liabilities based on application of law to fact." *Id.* (emphasis in original; internal quotation marks and citations omitted). In

other words, *Rooker-Feldman* is distinct from the question of preclusion. "If a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil Corp.*, 544 U.S. at 293.

*Arnold v. Allstate Ins. Co.*, 2024 WL 3381267, at *2–3 (alterations in original) (footnote omitted).

Considering Arnold's claims against Allstate under this standard, the Court found that Arnold's complaint in that case "present[ed] an independent claim—a § 1983 claim against Allstate Insurance Company for violating his constitutional rights" and requested "money damages arising from Allstate's alleged violation of his constitutional rights." *Id.* at *3. The Court therefore found that Arnold's case did "not present a claim over which the court entirely lacks subject-matter jurisdiction under *Rooker-Feldman*." *Id.*

However, the Court went on to find that "it [was] abundantly clear that the Complaint fail[ed] to state a claim for which relief may be granted under § 1983." *Id.* at *4. The Court explained:

> This statute provides a cause of action against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right. 42 U.S.C. § 1983 (emphasis added). "As its text makes clear, this provision protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194–95 (2024). As the Supreme Court has further explained, "[t]his limit tracks that of the Fourteenth Amendment, which obligates *States* to honor the constitutional rights that § 1983 protects." *Id.* (citing U.S. Const. amend. XIV § 1); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982) ("[T]he statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical").
>
> Allstate is a private party, not a government agency. The acts of a private party may be deemed state action only if the "conduct causing the deprivation of a federal right may be fairly attributable to the state." *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (quoting *Lugar*, 457 U.S. at 937). This determination involves a two-part inquiry. "'First, the deprivation in question must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). And second, "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar*, 457 U.S. at 937).

> The plaintiff bears the burden of pleading facts that would establish that the defendant was a "state actor." *See Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 140 (6th Cir. 2023).
>
> The plaintiff in this case has not alleged facts that would suggest that Allstate was a state actor, either as the plaintiff's insurer or as a litigant in state court, under any of the three "tests" articulated by the Sixth Circuit for determining whether a private party may be treated as a state actor. He has not alleged that Allstate exercised powers that are "traditionally exclusively reserved to the state," for purposes of the "public function" test. *Id.* (citations omitted). He does not allege that the state exercised coercive power of any kind over Allstate, for purposes of the "state compulsion" test. *S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 565 (6th Cir. 2007) (citation omitted). Nor does he allege that there is any type of "close nexus" or "pervasive entwinement" between Allstate and the state that would warrant considering Allstate's acts to be those of the state. *Id.* (citations omitted).
>
> Thus, the plaintiff has not alleged that Allstate is a state actor, for purposes of stating a claim against it under 42 U.S.C. § 1983.

*Id.* at *4 (alterations in original).

The same reasoning applies with equal force to Arnold's § 1983 claims against Allstate in this case. (Doc. No. 1.) However, where Allstate argued in the prior action that Arnold failed to allege state action, *see Arnold v. Allstate Ins. Co.*, 2024 WL 3381267, at *2, Allstate has not done so here. While the Court could find that Allstate forfeited its opportunity to raise this defense at summary judgment, "the interests of preserving judicial resources and the expeditious administration of justice" weigh in favor of a different resolution. *Id.* at *4.

Under Rule 56(f), "the court may" grant a summary judgment "motion on grounds not raised by a party" "[a]fter giving notice and a reasonable time to respond[.]" Fed. R. Civ. P. 56(f)(2). The Sixth Circuit "'looks to the totality of the proceedings below to determine whether the losing party had sufficient notice of the possibility that summary judgment could be granted against it.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 829 (6th Cir. 2013) (quoting *Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 513 (6th Cir. 2011)). "'In evaluating this question,'" the Sixth Circuit "'considers whether the prevailing party moved for summary judgment; whether the losing party

moved for summary judgment; what issues the parties focused on in their briefs; what factual materials the parties submitted to the court; and whether motions were filed by co-defendants.'" *Id.* "[E]ven when the district court fails to provide adequate notice to the party against whom summary judgment is granted, its judgment will be upheld unless the losing party can demonstrate prejudice." *Id.* (citing *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 F. App'x 953, 960 (6th Cir. 2007)). "After a party receives notice, a reasonable amount of time to respond is presumptively ten days." *Everest Stables, Inc. v. Rambicure*, 803 F. App'x 819, 822 (6th Cir. 2020).

This Report and Recommendation provides notice to all parties that the Court may grant summary judgment to Allstate under Rule 56(f) for the same reason it dismissed Arnold's claims in his earlier case: Arnold has failed to allege that Allstate is a state actor for purposes of liability under § 1983. The parties may respond to this issue by objecting to this Report and Recommendation or responding to filed objections as set out below. *See Hossain v. PHH Mortg. Corp.*, Case No. 3:22-cv-00627, 2024 WL 4173812, at *1, *9 (M.D. Tenn. Sept. 12, 2024) (accepting in part recommendation that nonmovant be granted partial summary judgment under Rule 56(f)).

IV. **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Allstate's motion for summary judgment (Doc. No. 6) be GRANTED under Rule 56(f) on the alternate ground that Arnold has not alleged state action by Allstate as required establish liability under § 1983.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 21st day of January, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge