IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00720 |
| ) | Judge Aleta A. Trauger |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Before the court are plaintiff Edward Ronny Arnold's Written Objections (Doc. No. 14) and Specific Objections (Doc. No. 15) (collectively, "Objections") to the Report and Recommendation ("R&R") (Doc. No. 13) issued by the Magistrate Judge, recommending that defendant Allstate Insurance Company's Motion for Summary Judgment (Doc. No. 6) be granted, but on grounds not specifically raised by Allstate's motion: that the plaintiff's claims against Allstate under 42 U.S.C. § 1983 are necessarily without merit because Allstate is not a state actor for purposes of § 1983. For the reasons set forth herein, the court will overrule the Objections, accept the R&R in its entirety, grant the defendant's Motion for Summary Judgment, and dismiss this case with prejudice.

**I.     STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are generally deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

II.  BACKGROUND

As set forth in the R&R, this case, like the three other federal lawsuits and two state court lawsuits plaintiff Arnold has filed, all involve a three-vehicle crash that took place in Davidson County, Tennessee in October 2019. (*See* Doc. No. 1.) *See also* Complaint, *Arnold v. Allstate Ins.*

*Co.*, No. 3:23-cv-01244 (M.D. Tenn. Nov. 27, 2023), ECF No. 1; Complaint, *Arnold v. Malchow*, No. 3:23-cv-01374 (M.D. Tenn. Dec. 27, 2023), ECF No. 1; Complaint, *Arnold v. Malchow*, No. 3:24-cv-00943 (M.D. Tenn. Aug. 2, 2024), ECF No. 1. In this iteration of the dispute, Arnold brings claims against defendant Allstate Insurance Company ("Allstate") under 42 U.S.C. § 1983 related to the Tennessee Court of Appeals' January 9, 2024 opinion in *Arnold v. Allstate Insurance Company*, No. M2023-00536-COA-R3-CV, affirming the Davidson County Circuit Court's dismissal of claims Arnold brought against Allstate under Tennessee law. (Doc. No. 1.)

By way of background, Arnold first sued Allstate in state court after Allstate denied coverage for personal injuries and property damage sustained in the accident. Arnold's first "state court lawsuit against Allstate was dismissed; that dismissal was affirmed by the Tennessee Court of Appeals; and the Tennessee Supreme Court denied Arnold's application for permission to appeal." *Arnold v. Allstate Ins. Co.* ("*Arnold I*"), Case No. 3:23-cv-01244, 2024 WL 3381267, at *1 (M.D. Tenn. July 10, 2024). While the first state court "lawsuit was still pending on appeal, [Arnold] filed a nearly identical lawsuit," also in state court. *Arnold v. Allstate Ins. Co.*, No. M2023-00536-COA-R3-CV, 2024 WL 95577, at *1 (Tenn. Ct. App. Jan. 9, 2024), *perm. appeal denied* (Tenn. May 17, 2024). "The trial court dismissed this second suit based on *res judicata*." *Id.* Arnold appealed and, in its January 9, 2024 opinion, the Tennessee Court of Appeals affirmed dismissal on alternate grounds, holding that "lack of finality" "made *res judicata* inapplicable in this case," but dismissal was nevertheless warranted under "the prior suit pending doctrine." *Id.* at *7. Arnold states that the Tennessee Supreme Court denied his request for permission to appeal. (Compl., Doc. No. 1 at 5.)

Arnold initiated this action on June 12, 2024, by filing a Complaint under 42 U.S.C. § 1983 against Allstate, asserting claims under the Commerce Clause of the United States Constitution.

(Doc. No. 1.) Arnold invokes this court's jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and he also seeks injunctive relief under 28 U.S.C. §§ 2201 and 2202.

In support of his claims, he alleges that "the *[s]ua sponte* opinion of the Appellate Civil Court of Tennessee" invoking the "prior suit pending" doctrine "does not address the issues of interstate commerce related to" Tennessee insurance laws. (*Id.* at 5.) He asks that a jury be convened in this court to decide whether the Tennessee Court of Appeals' decision violated the Commerce Clause, the doctrine of Prior Suit Pending, and caused him to lose his "right to recover property damage" from defendant Allstate. And he seeks an "award [of] billable medical costs" to compensate him for his injuries, as well as the market value of the vehicle damaged in the accident. (*Id.* at 8.) He also asks this court to "overturn the *[s]ua sponte* opinion of the" Tennessee Court of Appeals for violating the Commerce Clause and misapplying the prior suit pending doctrine, among other asserted errors. (*Id.* at 8.) Arnold alleges that he "has incurred usage fees and storage fees due to [Allstate's] refusal to compensate" him and asks that a jury award him damages for these fees and also for medical expenses, pain and suffering, the value of his lost vehicle, and punitive damages. (*Id.*)

Defendant Allstate filed a Motion for Summary Judgment and supporting Memorandum of Law (Doc. Nos. 6, 6-1), primarily arguing that the *Rooker-Feldman* doctrine deprives this court of jurisdiction over Arnold's claims and that it is entitled to judgment as a matter of law.

The Magistrate Judge, in ruling on the Motion for Summary Judgment, quoted at length from this court's opinion in a related case also brought by Arnold. (*See* Doc. No. 13 at 4–5 (quoting *Arnold I*, 2024 WL 3381267, at *3).) Based on *Arnold I*, the Magistrate Judge noted that the *Rooker-Feldman* doctrine has a "limited scope," and she concluded that the reasoning in *Arnold I* "applies with equal force" here but that the case is subject to dismissal because the defendant,

again Allstate, is not a state actor that can be sued under 42 U.S.C. § 1983. (*Id.* at 5 (quoting *Arnold I*, 2024 WL 3381267, at *4), 6.) Even though Allstate failed to argue as much in its Motion for Summary Judgment, the Magistrate Judge recommends that the court, in the interest of preserving judicial resources and the expeditious administration of justice, grant summary judgment under Rule 56(f) on the alternative ground that the plaintiff fails to allege or show that Allstate is a state actor for purposes of 42 U.S.C. § 1983. (Doc. No. 13 at 6.)

Referring to Rule 56(f), the Magistrate Judge stated that the R&R provided notice to all parties that the court may grant summary judgment to Allstate on grounds not raised in the motion: that Arnold has failed to allege that Allstate is a state actor for purposes of liability under § 1993. (*Id.* at 7.)

In his forty-page long Specific Objections to the R&R, the plaintiff asserts that the *Rooker-Feldman* doctrine does not bar his claims because, in his case, "the lower court's order did not cause the injury but prevents the injury from being adjudicated." (Doc. No. 15 at 10.) He continues to argue, as he did in *Arnold I*, that his injuries occurred because Allstate refused to allow him to access its investigative file, and he seeks to subpoena those records and to subpoena Allstate employees for a deposition. (*Id.* at 11, 14. 17.) He argues that the dismissal of this case "denies the litigation of due process and codifies the emerging doctrine of 'Take It Or Leave It.'" (*Id.* at 11.) He asserts that summary judgment is not available in this case, because this is a "contract dispute to which a jury is to determine the behavior of the parties and determine" the plaintiff's damages. (*Id.* ¶ 23.)

Specifically regarding the Magistrate Judge's recommendation that his claims against Allstate under 42 U.S.C. § 1983 be dismissed based on his failure to allege that Allstate is a state actor, the plaintiff asserts that insurance providers are regulated by the individual states "through

interstate commerce in compliance with the Commerce Clause in the United States Constitution (Article I, Section 8, Clause 3)" and that, "[a]s an agent of the state, Allstate Insurance Company, by and through its agents, policies, and actions must comply with state and federal regulations," including federal laws prohibiting employment discrimination, as well as the constitutional mandates of due process and equal protection. (Doc. No. 15 at 36–37.) He also continues to argue that the Tennessee Court of Appeals' *sua sponte* opinion regarding the application of the statute of limitations to his claims violated the Fourteenth Amendment's guarantees of equal protection. (*Id.* at 37.)

Allstate has filed a Response to the plaintiff's Objections, in which it agrees that the claims against Allstate must be dismissed based on the plaintiff's failure to allege that it is a state actor. (Doc. No. 16 at 1.) It points out that its Answer asserted the affirmative defense of failure to state a claim for which relief may be granted, and it argues that the plaintiff has not alleged facts that would suggest that Allstate was a state actor under any of the three tests articulated by this court for determining whether a private party may be considered a state actor for purposes of 42 U.S.C. § 1983. It requests that summary judgment be entered on the grounds recommended by the Magistrate Judge. (*Id.* at 3.)

### III. DISCUSSION

#### A. Rule 56(f)

Rule 56 provides that, "[a]fter giving notice and a reasonable time to respond, the court may . . . grant [a] motion [for summary judgment] on grounds not raised by a party." Fed. R. Civ. P. 56(f)(2). The Magistrate Judge provided notice of her recommendation that summary judgment should be granted based on a ground not raised in the defendant's Motion for Summary Judgment, and the opportunity to file objections to the R&R provided both parties a reasonable time to

respond to the recommendation. Neither party has objected to this process, and the court finds that Rule 56(f)(1)'s requirements have been satisfied here.

B.  **Allstate Is Not a State Actor**

Although this case presents a much closer call than *Arnold I*, neither party has objected to the Magistrate Judge's finding that *Rooker-Feldman* does not apply in this case, and the court agrees that the plaintiff is not attempting a direct appeal of the state court decision.

The court also finds that summary judgment is warranted based on the plaintiff's failure to allege or show that Allstate is a state actor. 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any" state law, deprives any person of any right secured by the United States Constitution or federal law. A claim under § 1983 requires (1) "the deprivation of a right secured by the Constitution or laws of the United States" and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). "The absence of either element means that the § 1983 claim has not been pleaded." *Kissinger v. Mahoning Cnty. Republican Party*, 677 F. Supp. 3d 716, 724 (N.D. Ohio 2023) (citations omitted).

As the court previously found in *Arnold I*, Allstate is a private party, not a government agency. The acts of a private party may be deemed state action only if the "conduct causing the deprivation of a federal right may be fairly attributable to the state." *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). This determination involves a two-part inquiry. "'First, the deprivation in question must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). Second, "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). The plaintiff bears the burden of pleading facts

that would establish that the defendant was a "state actor." *See Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 140 (6th Cir. 2023).

As in *Arnold I*, the plaintiff in this case has not alleged facts that would suggest that Allstate is a state actor, either as the plaintiff's insurer, as a litigant in state court—or because it is subject to federal laws and regulations—under any of the three "tests" articulated by the Sixth Circuit for determining whether a private party may be treated as a state actor. He has not alleged that Allstate exercised powers that are "traditionally exclusively reserved to the state," for purposes of the "public function" test. *Id.* (citations omitted). He does not allege that the state exercised coercive power of any kind over Allstate, for purposes of the "state compulsion" test. *S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 565 (6th Cir. 2007) (citation omitted). Nor does he allege that there is any type of "close nexus" or "pervasive entwinement" between Allstate and the state that would warrant considering Allstate's acts to be those of the state. *Id.* (citations omitted).

Because the plaintiff cannot establish that Allstate was a state actor, Allstate is entitled to summary judgment on the claims against it under § 1983.

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff's Written Objections (Doc. No. 14) and Specific Objections (Doc. No. 15) to the R&R (Doc. No. 13) will be overruled; the court will accept the R&R and grant the defendant's Motion for Summary Judgment (Doc. No. 6) on the alternative grounds that the Complaint fails to state a colorable claim under 42 U.S.C. § 1983 for which relief may be granted.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge